IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN RICHARD HENDERSON AND RANDY FLORES, Individually And On Behalf Of Similarly Situated Individuals<br><br>Plaintiffs,<br><br>V.<br><br>WOODGRAIN MILLWORK, INC. d/b/a WOODGRAIN DISTRIBUTION<br>Defendant. | CIVIL ACTION NO. 16-cv-01761<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### SUMMARY

1. Woodgrain Millwork, Inc. d/b/a Woodgrain Distribution ("Woodgrain") does not pay its Drivers overtime as required by the Fair Labor Standards Act. Instead, Woodgrain pays its Drivers $4 per stop in addition to their hourly rate. Because these workers work far more than 40 hours a week, John Henderson and the other Drivers are entitled to recover their unpaid overtime as well as other damages.

2. John Henderson files this lawsuit in an individual capacity to recover his unpaid overtime and liquidated damages.

3. Randy Flores files this lawsuit in an individual capacity to recover his unpaid overtime and liquidated damages.

4. Plaintiff also files this suit as an opt-in plaintiff to a collective action against Defendant.

1

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper because many of the relevant facts occurred here. First, Randy Flores resides and works out of Houston. While John Henderson lived and performed his duties in the Fort Worth, Texas area, he reported to the Woodgrain Texas Corporate office in Houston, Texas.

7. Woodgrain does not have a corporate office in the Fort Wort, Texas area. In fact, there is no office at all in the DFW area. During most of the three-year time period leading up to this lawsuit, Woodgrain's human resource, administrative employees, and supervisors for their Texas operation were located in their Houston office at 4343 Kennedy Commerce Drive, Houston, TX 77032.

8. From June 20, 2013 to present Woodgrain did not have an office or operation center in Fort Worth.

9. From June 20, 2013 to present Woodgrain operated a large warehouse located at 4343 Kennedy Commerce Drive, 4343 Kennedy Commerce Drive, Houston, TX 77032.

10. At the Houston location, Woodgrain employed thirty to forty warehouse workers at a time.

11. Until approximately six months ago, Woodgrain's supervisors and dispatchers for the drivers for their entire Texas operations were located at their Houston office.

12. For the last three years, Woodgrain has employed two Human Resource employees in their Houston office. One HR person was in charge of the employees for the

Houston location. The other HR person was in charge of all of Woodgrain's employees throughout Texas.

13. The sole person responsible for payroll of drivers was located in Houston.

14. Woodgrain has only one office in Texas and that is Houston. All Woodgrain human resources staff and supervisors are located in the Houston office. Therefore, Mr. Flores performed all of his unpaid work for Woodgrain in this District and Division and Mr. Henderson reported to and was supervised by Woodgrain corporate employees in Houston, Texas – therefore virtually all witness for Plaintiffs and Woodgrain will be in this District and Division. Woodgrain's only Texas office, and a predominant amount of its business operations, are in this District and Division.

## PARTIES

15. John Henderson resides in Fort Worth, Texas. His consent to join was attached to Plaintiff's Original Complaint.

16. Randy Flores resides in Houston, Texas. His consent to join is attached.

17. Mr. Henderson and Mr. Flores have worked for Woodgrain and its subsidiaries as In-State Delivery Drivers. Their job duties are typical of a Woodgrain Driver as described herein. Mr. Henderson has worked for Woodgrain in Texas in the DFW area but reported only to the Woodgrain Corporate Office in Houston, Texas. Randy Flores has worked for Woodgrain in the Houston Metro area and reported only to the Woodgrain Warehouse and Office in Houston, Texas. Mr. Henderson was hired by Woodgrain in 1986. Mr. Flores has worked for Woodgrain for over ten years.

18. Defendant Woodgrain Distribution is a subsidiary of Woodgrain Millwork an Oregon Corporation with a corporate office located at 300 NW 16TH ST, Fruitland, Idaho.

Woodgrain Distribution registered in Texas a foreign company and has been served with Plaintiff's Original Complaint.

19. Woodgrain is a manufacturer of millwork and building products for residential and construction markets since 1954.[1] Its employees routinely use, handle, sell, and/or work on millwork, distribution, and construction appliances such as doors, windows and mouldings.

20. These items were produced for interstate commerce or actually traveled in interstate commerce.

21. Woodgrain is covered by the FLSA and has been for each of the last 3 years. Woodgrain is therefore obligated to pay its non-exempt employees overtime under the FLSA.

22. The "FLSA Class" consists of all Woodgrain In-State Delivery Drivers employed within the last 3 years.

## FACTS

23. Woodgrain is a services company dedicated to moulding and millwork with thousands of products ranging from traditional mouldings to decorative mouldings and doors.[2]

24. One of its primary services is the distribution of interior and exterior mouldings.

25. Whenever Woodgrain receives an order for its wood products in the Houston or Dallas-Fort Worth area or in Texas, Woodgrain sends a driver to drive a load of products from its local facility to a drop-off location in that area.

26. Mr. Henderson's job was to pick up the loaded trailer from the Mansville pick-up location and make local deliveries to hardware stores and other locations it has contracts with such as Home Depot, Pro Build, BMC West, Guardian, Floor and Décor, and others.

---

[1] http://www.woodgraindistribution.com/about-us/
[2] http://www.woodgraindistribution.com/products/

27. Mr. Flores' job was to pick up the loaded trailer from the warehouse at 4343 Kennedy Commerce Drive, Houston, TX 77032 and delivered them on fixed local routes that stretches from Galveston to Conroe.

28. The In-State Delivery Drivers in this lawsuit all drive fixed local routes in Texas.

29. None of the drivers in this lawsuit drive across state lines or could be called to drive across state lines. While Woodgrain employs drivers who do drive across state lines, these drivers are not intended to be included in this lawsuit.

30. This lawsuit does not include In-State Delivery Drivers who drive across state lines.

31. Because Mr. Henderson and Mr. Flores had a local route, they could not be reasonably expected to perform interstate transport.

32. Throughout his employment Woodgrain required Mr. Henderson to stay in the Dallas area in order to service his assigned routes in and around the DFW region.

33. Mr. Henderson received instructions and HR support from the Houston warehouse/office.

34. Throughout his employment Woodgrain required Mr. Flores to stay in the Houston area in order to service his assigned routes in the Houston region.

35. Mr. Henderson, Mr. Flores and other In-State Delivery Drivers who work for Woodgrain work long hours.

36. While in the field, In-State Delivery Drivers regularly work more than 8 hour in a day, 5 days a week, every week. In-State Delivery Drivers regularly work more than 40 hours in a week.

37. Woodgrain paid all In-State Delivery Drivers the same way. If they drive less than 253 miles a day, they get paid by the hour plus $4 per stop for their deliveries.

38. If the Delivery Driver drives over 253 miles a day, they get paid $8 per stop plus approximately $0.42 per miles.

39. No matter if the In-State Delivery Drivers get paid by the hour like Mr. Flores and Mr. Henderson, Woodgrain only paid them straight time and no overtime premium for hours worked over forty a week.

40. The In-State Delivery Drivers who were paid by the mile were not paid overtime.

41. Woodgrain required In-State Delivery Drivers to work off the clock.

42. Due to the unreliable computers that Woodgrain had in their trucks, In-State Delivery Drivers often could not clock in before they performed their pre-trip inspection or their first fifteen to twenty minutes of work in the morning. From the time the In-State Delivery Drivers turned on their computer and started working, there would be a long delay that would take up to twenty minutes before the In-State Delivery Drivers could log in for work.

43. Woodgrain did not count the wait time that In-State Delivery Drivers often incurred during their delivery as part of their work hours. As a result, In-State Delivery Drivers were required to work off the clock during the wait time as part of their delivery duties.

44. As a result of Woodgrain's pay policies, Mr. Henderson, Mr. Flores and the Class members were denied the overtime pay required by state and federal law.

45. Woodgrain keeps electronic log records of the hours its In-State Delivery Drivers work.

46. These records reflect the fact Mr. Henderson, Mr. Flores and the FLSA Class worked more than 40 hours a week.

47. Woodgrain keeps records of the amount of pay its In-State Delivery Drivers receive.

48. Despite knowing the FLSA's requirements and that its In-State Delivery Drivers regularly worked more than 40 hours in a workweek, Woodgrain does not pay them overtime.

49. Woodgrain also has locations in Georgia, Alabama, Maryland, North Carolina, Florida, and Arizona and employs other drivers in these states. Woodgrain's national corporate office is in Georgia.

**COLLECTIVE & CLASS ACTION ALLEGATIONS**

50. In addition to Mr. Henderson and Mr. Flores, Woodgrain employed dozens of other In-State Delivery Drivers within the past 3 years.

51. Woodgrain paid (and pays) all its In-State Delivery Drivers a day rate, with no overtime pay.

52. This is the same shift rate system Woodgrain applied to Mr. Henderson and Mr. Flores.

53. The FLSA Class members perform the job duties typical of a Woodgrain Driver.

54. The FLSA Class is similarly situated to Mr. Henderson and Mr. Flores.

55. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

56. Mr. Henderson and Mr. Flores will fairly and adequately protect the interests of the FLSA Class.

57. They retained counsel who is experienced and competent in class action and employment litigation.

58. Mr. Henderson and Mr. Flores have no relevant interest contrary to, or in conflict with, the members of the classes.

59. Like each member of the proposed classes, Mr. Henderson and Mr. Flores have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

60. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Woodgrain will retain the proceeds of its violations of the FLSA.

62. Furthermore, even if particular members of the classes could afford individual litigation against Woodgrain, it would be unduly burdensome to the judicial system.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

64. There is a well-defined community of interest in the questions of law and fact affecting the FLSA class as a whole.

65. The questions of law and fact common to the FLSA Class predominate over any questions affecting solely the individual members.

66. Among the common questions of law and fact are:

　　a)　Whether Woodgrain employed members of the Class within the meaning of the applicable statutes, including the FLSA;

　　b)　Whether In-State Delivery Drivers were improperly classified by Woodgrain as exempt from overtime compensation;

　　c)　Whether Woodgrain's decision to classify In-State Delivery Drivers as exempt was made in good faith;

  d)  Whether Woodgrain's violation of the FLSA and/or the various state wage and hour laws was willful;

  e)  Whether Woodgrain failed to pay Mr. Henderson, Mr. Flores, the Class members, overtime pay due to them by virtue of their uniform designation as exempt; and

  f)  Whether Woodgrain kept adequate records of the hours worked by its In-State Delivery Drivers.

67. Mr. Henderson's and Mr. Flores' claims are typical of the claims of members of the classes.

68. Mr. Henderson, Mr. Flores, and the Class members have all sustained damages arising out of Woodgrain's wrongful and uniform employment policy.

69. Mr. Henderson and Mr. Flores know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

## CAUSE OF ACTION – FLSA OVERTIME

70. By failing to pay Mr. Henderson, Mr. Flores and the FLSA Class overtime at 1 and ½ times their regular rates, Woodgrain violated the FLSA.

71. Woodgrain owes Mr. Henderson, Mr. Flores and the FLSA Class overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

72. Woodgrain knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

73. Woodgrain's failure to pay overtime to Mr. Henderson, Mr. Flores and the FLSA Class is willful.

74. Woodgrain owes Mr. Henderson, Mr. Flores and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

75. Mr. Henderson, Mr. Flores and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

76. Mr. Henderson and Mr. Flores demand a trial by jury all on issues so triable.

## PRAYER

Mr. Henderson and Mr. Flores pray for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

b. Judgment awarding Mr. Henderson, Mr. Flores and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. Judgment awarding Mr. Henderson, Mr. Flores and the Class members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

d. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e. All such other and further relief that Mr. Henderson, Mr. Flores, the FLSA Class members, are justly entitled.

Respectfully submitted;

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Tran Law Firm, L.L.P.
State Bar No. 00795787
Federal I.D: 20361
ttran@tranlawllp.com
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
Nichole Nech
State Bar No. 24033816
Federal Bar No. 435541
800 Bering Drive, Ste. 220
Houston, TX 77057
nn@tranlawllp.com
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on November 9, 2016, in the following manner to:

Via Facsimile: (281) 880-0181 and E-mail: RZimmerer@littler.com
RUSSELL ZIMMERER
2001 Ross Ave, Ste 1500 Lock Box 116
Dallas TX 75201

/S/ Trang Q. Tran
Trang Q. Tran